IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00409-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE #7

    Defendant.

**PROPOSED SCHEDULING ORDER**

    **1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

    August 8, 2012 at 9:45 a.m.

    Appearing for Plaintiff Malibu Media, LLC:
    Kotzker Law Group
    9609 S. University Blvd., #632134
    Highlands Ranch, CO 80163-2134
    (303) 875-5386

    Appearing for Defendant John Doe #7:
    John A. Arsenault
    Wessels & Arsenault, LLC
    1333 W. 120th ave. Suite 302
    Westminster, Colorado 80234

Defendant Doe #7 was served on June 21, 2012 and will provide an answer to the Court within

the proscribed Federal Rules of Civil Procedure.

    **2. STATEMENT OF JURISDICTION**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (district

courts having subject matter jurisdiction over matters dealing with a federal question) and 28

U.S.C. § 1338 (district courts having subject matter jurisdiction over matters dealing with patents, copyrights, and trademarks).

**3. STATEMENT OF CLAIMS AND DEFENSES**

    a. **Plaintiff**: Plaintiff has sued Defendant for (1) direct copyright infringement of its movie pursuant to 17 U.S.C. §§ 106 & 501, based on Defendant's actions of illegally downloading Plaintiff's work; and (2) contributory copyright infringement of its work pursuant to 17 U.S.C. § 504, based on the Defendant's actions of illegally downloading Plaintiff's works.

    b. **Defendant Doe #7.**: Defendant Doe #7 generally denies the allegations of the Complaint and asserts the following affirmative defenses: The Complaint fails to state a claim upon which relief can be granted; Defendant asserts de minimis non curat lex; Plaintiff failed to mitigate damages; If Plaintiff's copyright has been infringed, which Defendant denies, Defendant is only an innocent infringer thereof; Plaintiff's current claims for statutory damages and attorneys fees are barred by the U.S. Constitution; failure to join an indispensable party; Plaintiff impliedly licensed, consented, and acquiesced to allegedly infringing activity; and that Plaintiff's claims are barred by the doctrine of unclean hands.

    c. *Other Parties:* IPP Limited, visitors to Doe #7's residence on January 31, 2012, and Defendant Doe #7's neighbors on January 31, 2012, are potential defendants and other parties in this matter.

**4. UNDISPUTED FACTS**.

    a. Plaintiff filed the present action on February 15, 2012.

5. **COMPUTATION OF DAMAGES**

    a. Amount of Damages: Plaintiff has not yet determined its actual damages or any additional profits made by the Defendant. Pursuant to 17 U.S.C. § 504-(a) and (c) Plaintiff is entitled to the statutory damages in an amount up to $150,000 per Defendant. For the copyright infringement and contributory infringement claim, Plaintiff requests that the Court find Defendant's infringement willful and to increase the damages to the statutory maximum of $150,000.00 per work infringed.

    b. Other Relief: Plaintiff also seeks to enjoin each Defendant from infringing Plaintiff's copyrighted works, and that each Defendant permanently remove Plaintiff's works from their possession.

    c. For Defendant's declaratory judgment counter-claim for non-infringement, Defendant requests that the Court grant Defendant's attorneys' fees and costs.

6. **REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

    a. Date of Rule 26(f) meeting:

08/8/2012

    b. Names of each participant and party he/she represented.

Jason A. Kotzker, Plaintiff Malibu Media, LLC

John A. Arsenault, Defendant John Doe #7.

   c.  Proposed changes, if any in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

NONE

   d.  Rule 26(a)(1) disclosures will be made.

September 30, 2012.

   e.  Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meeting with clients to discuss settlement.

The parties are agreeing to exchange informal discovery.

   f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to use a unified exhibit numbering system.

   g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do anticipate that their claims and/or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. This is in addition to traditional discovery such as interrogatories, document production and depositions as noted below. The parties agree to exchange electronically stored information as needed in a standard PDF format.

    h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties agree that prompt resolution of this case by settlement is desirable.

**7. CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8. DISCOVERY LIMITATIONS**

    a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

NONE.

    b. Limitations which any party proposes on the length of depositions.

One deposition per witness with a maximum length of seven hours.

    c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Plaintiff proposes no limits on the number of requests for production or requests for admissions.

Defendant Doe proposes that requests for production and requests for admissions be limited to 25 per side.

    d. Other Planning or Discovery Orders

NONE.

**9. CASE PLAN AND SCHEDULE**

    a. Deadline for joinder of parties and amendment of pleadings: November 01, 2012

    b. Discovery cut-off: January 01, 2013

    c. Dispositive motion deadline: February 01, 2013

    d. Expert witness disclosures:

Both parties disclose their experts by November 15, 2012 and both parties disclose rebuttal experts on December 15, 2012.

Plaintiff Malibu Media, LLC anticipates retaining experts in the field of accounting or an economist, and an expert in the field of brand valuation.

Plaintiff Malibu Media, LLC anticipates retaining experts in the field of computer networking and Bit Torrent.

Defendant Doe anticipates retaining experts in the field of accounting or an economist.

Defendant Doe anticipates retaining experts in the field of computer networking and Bit Torrent.

    e. Deposition schedule:

Plaintiff Malibu Media, LLC, anticipates deposing Defendant Doe 7 for approximately seven (7) hours. Additionally, Plaintiff anticipates deposing any person that may have had access to Defendant's Internet service.

At this time, Defendant Doe anticipates deposing Tobias Fieser, an expert used by Plaintiff Malibu Media, LLC for seven (7) hours, as well as Brigham Field a Malibu Media owner for seven (7) hours.

    f. Interrogatory Schedule: 33 days before discovery cut off.

    g. Schedule for request for production of documents: 33 days before discovery cut off.

    h. Discovery limitations:

    i. Other planning or discovery orders:

**10. DATES FOR FURTHER CONFERENCES**

a. An early neutral evaluation will be held on _____ at _____ o'clock ___m.

( ) Pro se parties and attorneys only need be present.

( ) Pro se parties and attorneys, and client representatives must be present.

( ) Each party shall submit a Confidential Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times:_____.

c. A final pre-trial conference will be held in this case on _____ at ____ o'clock __m.  A final pre-trial order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING ISSUES**

    a.  A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

There have been no discovery or scheduling issues hindering agreement between the parties.

    b.  Anticipated length of trial and whether the trial is to the Court or to the jury.

The trial should require three days if necessary, and Plaintiff requests a trial by jury.  Defendant Doe believes that the length of the jury trial should be three days, and that the length of a bench trial should be two days.

      c. Identify any pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted at the District Court's Colorado Springs, Grand Junction, or Durango facilities.

NONE

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

      a. The agreed upon Scheduling Order may be altered or amended by the Parties only upon a showing of good cause.

DATED this _____ day of _____ , 2012 .

                                BY THE COURT:

                                _____
                                Michael E. Hagerty, Magistrate Judge

SCHEDULING ORDER REVIEWED:

_____        _____
Jason Kotzker                                        John A. Arsenault
Kotzker Law Group                          Wessels & Arsenault, L.L.C.
9609 S. University Blvd., #632134        1333 W. 120th Ave. Suite 302
Highlands Ranch, CO 80163-2134         Westminster, CO 80234
(303) 875-5386                                   (303)459-7898
Attorney for Plaintiff Malibu Media, LLC    Attorney for Defendant Doe #7