IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00409

MALIBU MEDIA, L.L.C.

     Plaintiff,

v.

JOHN DOE #7

     Defendant.

---

## DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendant John Doe #7 ("Defendant") identified by Plaintiff at internet protocol ("IP") address 67.190.158.29 at January 31, 2012 at 18:27 UTC by and through their attorneys Wessels & Arsenault, L.L.C., hereby answer the Complaint of Plaintiff Malibu Media, L.L.C. ("Plaintiff") as follows:

1.     Defendant avers that Paragraph 1 of the Complaint makes legal conclusions that do not require a response, except that Defendant agrees that Plaintiff is seeking relief under the Copyright Act (Title 17 U.S.C. § 101 et seq).

2.     Defendant denies the allegations in Paragraph 2 that they are liable to Plaintiff for direct, or contributory copyright infringement, or any other claim under the Copyright Act.

3.     Defendant denies Plaintiff's allegations in Paragraph 3, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

4.     Defendant denies the allegations in Paragraph 4.  Even if the IP address in question was associated with the router or network located at Defendant Doe's residence on or about

January 31, 2012, those facts still do not give rise to personal jurisdiction over Defendant Doe. An IP address is not a person, rather it is merely a series of numbers assigned to a computer or device, which can be accessed by multiple individuals over time.  Moreover, an IP address can be simulated from a separate location by an unscrupulous individual, meaning that Plaintiff's software could inadvertently flag an innocent IP address if it is being simulated or spoofed by another.

5.     Defendant denies the allegations in Paragraph 5, except to admit that he is a resident of the City of Colorado Springs, County of El Paso, and State of Colorado.  Plaintiff has failed to plead sufficient facts from which a reasonable trier of fact could conclude that this Court has personal jurisdiction over Defendant, or that venue is properly laid in this District.

## Parties

6.     Defendant denies Plaintiff's allegations in Paragraph 6, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

7.     Defendant denies Plaintiff's allegations in Paragraph 7, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

8.     Defendant admits to the allegations in Paragraph 8.

9.     Defendant denies the allegations in Paragraph 9. The ISP to which each alleged Defendant subscribes can correlate the flagged IP address to a subscriber that may or may not be the actual Defendant responsible for the alleged infringing activity.

## Joinder

10.     Defendant denies the allegations in Paragraph 10. Plaintiff's Exhibit C in Plaintiff's Complaint states a series of dates across the span of several weeks, which shows that the individual Defendants could not have been involved in the exact same torrent file or have acted

in concert with one another. The facts behind each Defendant are individual, separate, and unique.

## Factual Background

11.     Defendant denies Plaintiff's allegations in Paragraph 11, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

12.     In response to Paragraph 12, Defendant admits that they have received a copy of Plaintiff's alleged copyright registration as Exhibit B with the registration dates claimed by Plaintiff.

13.     In response to Paragraph 13, Defendant admits that they have received a copy of Plaintiff's alleged copyright registration as Exhibit B.

14.     Defendant denies Plaintiff's allegations in Paragraph 14, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

15.     Defendant denies Plaintiff's allegations in Paragraph 15.

16.     Defendant denies Plaintiff's allegation in Paragraph 16.

17.     Defendant denies Plaintiff's allegations in Paragraph 17, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

18.     Defendant denies Plaintiff's allegations in Paragraph 18, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

19.     Defendant denies Plaintiff's allegations in Paragraph 19, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

20.     Defendant denies Plaintiff's allegations in Paragraph 20, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

21.     Defendant denies Plaintiff's allegations in Paragraph 21, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

22.     Defendant denies Plaintiff's allegations in Paragraph 22, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

23.     Defendant denies Plaintiff's allegations in Paragraph 23, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

24.     Defendant denies Plaintiff's allegations in Paragraph 24, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

25.     Defendant denies Plaintiff's allegations in Paragraph 25, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

26.     Defendant denies Plaintiff's allegations in Paragraph 26, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

27.     Defendant denies Plaintiff's allegations in Paragraph 27, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

28.     Defendant denies Plaintiff's allegations in Paragraph 28.

29.     Defendant denies Plaintiff's allegations in Paragraph 29, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

30.     Defendant denies Plaintiff's allegations in Paragraph 30, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

31.     Defendant denies Plaintiff's allegations in Paragraph 31, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

32.     Defendant denies Plaintiff's allegations in Paragraph 32, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

33.     Defendant denies Plaintiff's allegations in Paragraph 33.

34.     Defendant denies Plaintiff's allegations in Paragraph 34, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

35.     Defendant denies Plaintiff's allegations in Paragraph 35, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

36.     Defendant denies Plaintiff's allegations in Paragraph 36, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

37.     Defendant denies Plaintiff's allegations in Paragraph 37 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

38.     Defendant denies Plaintiff's allegations in Paragraph 38.

39.     Defendant denies Plaintiff's allegations in Paragraph 39.

40.     Defendant denies Plaintiff's allegations in Paragraph 40 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

41.     Defendant denies Plaintiff's allegations in Paragraph 41 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

42.     Defendant denies Plaintiff's allegations in Paragraph 42 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

43.     Defendant denies Plaintiff's allegations in Paragraph 43.

44.     Defendant denies Plaintiff's allegations in Paragraph 44 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

45.     Defendant denies Plaintiff's allegations in Paragraph 45.

46.     Defendant denies Plaintiff's allegations in Paragraph 46 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

47.     Defendant denies Plaintiff's allegations in Paragraph 47.

48.     Defendant denies Plaintiff's allegations in Paragraph 48.

49.     Defendant denies Plaintiff's allegations in Paragraph 49 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

50.     Defendant denies Plaintiff's allegations in Paragraph 50.

51.     Defendant denies Plaintiff's allegations in Paragraph 51 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

52.     Defendant denies Plaintiff's allegations in Paragraph 52.

53.     Defendant denies Plaintiff's allegations in Paragraph 53 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

54.     Defendant denies Plaintiff's allegations in Paragraph 54.

55.     Defendant denies Plaintiff's allegations in Paragraph 55.

56.     Defendant denies Plaintiff's allegations in Paragraph 56 because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.  By uploading the work(s) to the internet as they allege they have acted in the present Complaint, Plaintiffs implicitly licensed public access, downloading, copying, distributing, and other use of Plaintiff's Works.  Defendant denies having participated in any activity involving infringement of Plaintiff's copyrights.

57.     Defendant denies Plaintiff's allegations in Paragraph 57.

58.     Defendant denies Plaintiff's allegations in Paragraph 58.

59.     Defendant denies Plaintiff's allegations in Paragraph 59.

60.     Defendant denies Plaintiff's allegations in Paragraph 60.

61.     Defendant denies Plaintiff's allegations in Paragraph 61.

## DEFENSES

### FIRST DEFENSE AND FIRST COUNTERCLAIM
### Declaratory Judgment

62.     Plaintiff incorrectly alleges that Defendant willfully infringed their exclusive rights under 17 U.S.C. §§ 106(1)-(3) and (5).

63.     Defendant has not infringed the copyrights of Plaintiff nor violated any exclusive rights held by Plaintiff under the aforementioned statutes.  Defendant does not nor has never owned a computer with a Bit Torrent client installed on it as alleged by Plaintiff in the Complaint.  Thus, Defendant denies the allegations of copyright infringement raised by Plaintiff.

64.     Defendant is entitled to a declaration as a matter of law that Defendant has not infringed any of the exclusive rights alleged to be held by Plaintiff.

### SECOND DEFENSE
### Rule 12(b)(6), Fed. R. Civ. P.

65.     Defendant argues that Plaintiff has failed to state a sufficient factual basis to constitute a cause of action on either count, and therefore requests dismissal of Plaintiff's Complaint.

66.     Because Plaintiff is unable to demonstrate that Defendant Doe committed a volitional act of infringement Plaintiff is wrongfully suing Defendant.

67.     Plaintiff is unable to prove that Defendant Doe's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that Defendant made a complete copy of the work alleged by Plainitff.

### THIRD DEFENSE
### De Minimis Non Curat Lex

68.     Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex (the law cares not for trifle) or *de minimis* use.

69.     Any infringing activity via Plaintiff's internet connection that occurred was momentary at best, and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant Doe.

### FOURTH DEFENSE
### Failure to Mitigate Damages

70.     Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the necessary steps to mitigate any damages.

### FIFTH DEFENSE
### Innocent Infringement

71.     Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because his accessing of any content would not have been willful and instead in good-faith.

### SIXTH DEFENSE
### Barring of Statutory Damages and Attorneys Fees

72.     Plaintiff's claim for statutory damages is barred by the U.S. Constitution.  Amongst other rights, the fifth amendment right to due process bars Plaintiff's claim.  As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13,22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D. Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." *Id*.  If all of

Plaintiff's settlements for infringement of the work in question are added together, the damages likely exceed beyond the statutory maximum allowed by the copyright statute.

73.     Pursuant to applicable law concerning whether statutory damages are constitutional and to what extent, Plaintiff's recovery, if any, must necessarily have a reasonable relationship to the Plaintiff's alleged actual damages caused by the alleged infringement.

## SEVENTH DEFENSE
## Failure to Join an Indispensable Party

74.     Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff.  Plaintiff failed to include the individual(s) who allegedly engaged in the downloading in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure, and for such failure, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

## EIGHTH DEFENSE
## License, Consent, and Acquiescence

75.     Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via Bit Torrent.

## NINTH DEFENSE
## Unclean hands

76.     Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH DEFENSE
## Injunctive Relief

77.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.

78.     Pursuant to FRCP Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's answer to the present Complaint, and therefore, Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

## COUNTERCLAIM

Defendant Doe #7 raises this Counterclaim against Plaintiff and Counterdefendant Malibu Media, L.L.C., Inc. ("Malibu Media, L.L.C.").

## JURISDICTION AND VENUE

1.     Defendant Doe #7 is an individual residing in the State of Colorado

2.     This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 and because Plaintiff Malibu Media, L.L.C. has availed itself of this Court to pursue an action against Doe #7.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a).

4.     This Court has subject matter jurisdiction due to diversity and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2002

## INTRODUCTION

1.     Defendant incorporates herein by reference hereto each and every allegation contained in each of the above paragraphs.

2.     This misguided lawsuit is one of several hundred lawsuits filed by Malibu Media, L.L.C. around the United States over the past year to profit purely from filing copyright infringement claims and exacting settlements as a business model.  As a practice, Malibu Media,

L.L.C. sues multiple anonymous John Does in the relevant jurisdiction, and then whittles down the anonymous Defendant list as they settle without litigating the claims on the merits.

3.      Plaintiff's for-profit business model has been extensively documented in the news media (see for Example, http://www.usnews.com article dated February 02, 2012, "Porn Companies file Mass Piracy Lawsuits": http://www.usnews.com/news/articles/2012/02/02porn-companies-file-mass-piracy-lawsuits-are-you-at-risk; and in a recent U.S. District Court case, these cases were labeled a "nationwide blizzard." *In re Bit Torrent Adult Film Copyright Infringement Cases*; 2:11-cv-03995, 12-1147, 12-1150, and 12-1154, Order and Report and Recommendation dated May 01, 2012 at p.2.

4.      Defendant Doe #7 never downloaded a pornographic film through the internet or through the Bit Torrent network.

5.      Defendant Doe #7 has no knowledge of any other person or entity using his computer, router, or modem to download a pornographic film.

6.      Defendant Doe #7 never authorized any other persons, entities, or individuals to use his computer, router, or modem to download a pornographic film.

7.      Malibu Media, L.L.C. relies on questionable forensic evidence such as that from IPP Limited when pursuing Defendants on Internet Protocol addresses alone to justify the expedited Discovery used to seek settlements from potential Doe Defendants.

8.      In the State of Colorado, Plaintiff has filed dozens of lawsuits against several hundred Defendants and substantially less against any actual named and served Defendants. It appears that Defendant Doe #7 is one of those examples to "encourage the others" into seeking settlements.

9.      This business model is further complicated by the fact that the adult entertainment company's attorney is paid a portion of any settlements received, establishing a potentially champertous relationship that can be easily abused without an incentive for further scrutiny of data provided by the forensics investigators.

10.      To further improve the likelihood that the targets will settle, it is Defendant's belief that Plaintiffs actively draw infringers to their films, and do so by uploading an archive containing a plurality of films to the internet for unsuspecting potential Defendants to access. This digital file often contains multiple registered works which Plaintiffs use to seek additional damages from Doe Defendants.

11.      Once the digital file becomes used available to be searched and downloaded via Bit Torrent, the investigating company can track IP addresses that may or may not be associated with the Bit Torrent download.  The tracking technology used by forensic investigation companies such as IPP Limited is not reliable and has resulted in "false positives" showing infringement by other devices such as a printer, router, or telephone device, which cannot perform the download alleged by plaintiffs.  See e.g., Exhibit A, Piatek, Kohno, and Krishnamurthy, Challenges and Directions for Monitoring P2P Filesharing networks, or Why My Printer Received a DMCA Takedown Notice, http://dmca.cs.washington.edu/dmca_hotsec08.pdf.  The software used by forensic investigation companies cannot necessarily distinguish between IP addresses that are purposely accessing the Bit Torrent tracker to download and distribute the file or people who mistakenly think the file name involves other content which may not necessarily be infringing.  The software used by forensics investigation companies also cannot from Defendant's understanding provide an adequate time stamp to demonstrate that the alleged IP address downloaded an entire work that

would constitute an act of copyright infringement for the purposes of this District nor distinguish from a party inadvertently accessing the work and ceasing the activity momentarily afterwards.

12.     Upon collecting a sufficient number of IP addresses, a law firm working with the pornography studio and forensic investigator files a Federal lawsuit claiming that multiple individuals, sometimes numbering in the thousands, downloaded the alleged pornographic work. The Complaint does not name individuals but instead identifies Defendants as "John Does" that are the subscribers to the IP addresses they seek information on.  Plaintiffs also erroneously claim in the Complaint without basis in that the subscriber to the IP address is the actual infringer.  This statement is highly erroneous because it does not consider several common sense factors and relies on a lack of a technical understanding of computer networking to be accepted.

13.     An error rate of at least 30% has been cited for the forensics investigation companies such as IPP Limited.  In a case out of the Southern District of New York, Plaintiff's counsel estimated "that 30% of the names turned over by IPSs are not those of individuals who actually downloaded or shared copyrighted material."  Opinion and Order, *Digital Sin, Inc. v. John Does 1-176*, 2012 W.L. 263491, 12-cv-00126 (S.D.N.Y. Jan. 30, 2012) at p. 5.  Even more concerning is that the Plaintiffs are willing to rely on dubious information when attempting to encourage Defendants to settle the action without a review of the strength of the individual claim.

14.     A prosecutor bringing similar actions for say access to obscenity or child pornography in the context of federal criminal prosecution using forensics investigation techniques with a 30% or above error rate would be brought up on charges of criminally actionable prosecutorial misconduct and/or abuse of process.  Moreover, no civil litigator would file lawsuits with an error rate of 30% without having to consider the consequences under Federal Rules of Civil Procedure Rule 11 and 28 U.S.C. 1927.

15.     The pornographic film company acting as Plaintiff represents to the Courts in their Complaints that the Doe Defendants are all liable for the downloading in question; that the acts of infringement occurred using only the Doe Defendant's IP addresses, and that the ISP can accurately correlate the IP address to the Doe Defendant's true identity (rather than a subscriber). The Plaintiff film company makes these claims in spite of knowledge that the actual identity, conduct, and intent of any of the alleged Defendants are unknown to the Plaintiffs.

16.     Moreover, the statements are made to the Court despite knowledge that the IP addresses being represented do not always represent the proper person or Defendant accused of infringing activity.   IP addresses may be assigned or attached to many other devices capable of operation through a router or modem.  Several federal courts have affirmed this idea.  *See, e.g., In re Bit Torrent Adult Film*, supra, 2:11-cv-03995, May 1, 2012, at p. 6; *Malibu Media LLC v. John Does 1-10*, 2:12-cv-3623, Order, June 27, 2012.

17.     Plaintiff's statements are made to the Court without consideration of the various factors that could be exculpatory to a particular subscriber or alleged Defendant.  Plaintiffs in these actions have the knowledge that the alleged act of infringement could have been performed by a third-party with a different computer connected to the IP address without the subscriber's knowledge or consent.  With the proliferation of wireless networks and consumer wireless networking technology, the alleged infringing activity could be performed by any person with a computer within a wireless network's range, a fact that Plaintiffs are well aware of.  The activity could also have been performed remotely by a hacker who has gained access to the subscriber's computer or even an individual spoofing an IP address.  These mitigating factors are not accounted for by the International IP tracker software used by Plaintiff in the present action or any of the forensic investigation companies such as IPP Limited.

18.     Defendant's cause of action arises under the Copyright Laws of the United States for a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to the extent that an actual controversy exists between Defendant and Plaintiff.

## PARTIES

19.     Malibu Media, L.L.C. claims copyright ownership on the work entitled: Tiffany Sex with a Supermodel ("Work").

20.     Defendant Doe is an individual who subscribed to an internet service provider at his residence.

## NO INFRINGEMENT

21.     Malibu Media, L.L.C. has incorrectly asserted in its claim that Defendant Doe has willfully infringed its copyright in the Work.

22.     Plaintiff's alleged claims are neither well grounded in fact nor warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

23.     Defendant Doe asserts that he has never used Bit Torrent nor owned a computer that was connected to Bit Torrent from his residence at the time of the alleged infringing activity.

24.     Despite being placed on notice that Defendant Doe did not engage in any infringing activity because he has health issues and other difficulties that would make infringement highly unlikely, the Plaintiff still has persisted in their suit against Defendant.

25.     On information and belief, Plaintiff's only evidence to support their claims against Defendant Doe is a listing of an internet protocol ("IP") address attached to the Complaint as an Exhibit, allegedly from a peer-to-peer file sharing program.

26.     Defendant subscribed to high-speed internet access from Comcast Communications, Inc. (hereinafter "Defendant's ISP").  Defendant ISP provided account holders with dynamic IP addresses using Dynamic Host Configuration Protocol ("DHCP"), a technology that assigns a different IP address to each subscriber each time the user accesses the internet via the ISP.

27.     DHCP assignment of an IP address by Defendant's ISP does not actually indicate who was accessing the internet or which computer was used to access the internet.  Several other factors including an open wireless network or use of malicious computer software that controls a subscriber's computer and access to the internet are common alternate causations that explain infringing activity when a user lacks knowledge of the infringement or the protocols used to carry out infringing activity.  Defendant Doe has never had a Bit Torrent application, does not have a computer wherein she could install a Bit Torrent application, and has never engaged in any acts of infringement described in Plaintiff's Complaint.

28.     On information and belief, the purpose of the lawsuit filed against Defendant Doe is not to seek appropriate relief from the Courts.  Rather, the lawsuit against Defendant Doe (and other John Does) is intended to send a message of intimidation to Bit Torrent users using the Courts.

## FIRST CAUSE OF ACTION

## Declaration of No Infringement of Copyright

29.     Defendant Doe hereby incorporates by references the paragraphs of the above Counterclaim.

30.     Malibu Media, L.L.C., L.L.C. has incorrectly asserted in its claim that Defendant Doe has willfully infringed its copyright in the work via alleged downloading using Bit Torrent.

31.     Defendant has not infringed any of Plaintiff's exclusive rights under 17 U.S.C. § 106(1)-(6).

32.     Defendant has not infringed Plaintiff's copyright in the Work and is entitled to a declaratory judgment of non-infringement to that effect.

## SECOND CAUSE OF ACTION

### Abuse of Process

33.     Defendant Doe hereby incorporates by references the paragraphs of the above Counterclaim.

34.     Plaintiff has wrongly and improperly relied on the Federal Court system in an effort to extract money from Doe #7, the other twenty-six (26) people in the present action, and countless others for other infringement actions.

35.     The present case, Malibu Media v. John Does 1-27, Case no. 1:12-cv-00409 was filed with the intent of generating the subpoenas which would provide the identifying information of the individual defendants and not for the purpose of litigating the matter.

36.     At the time the present action was filed, Plaintiff lacked knowledge as to the identities of the various Doe Defendants, and as a result, Plaintiff could not accurately represent to this Court that a reason to join all of the alleged infringers that fell under the joinder rules.  Plainitff's own Exhibit A demonstrates that the acts in question occurred over a several week period and that the acts took place on separate distinct dates and times.   Therefore, Defendant Does should have been sued individually and each subpoena issued separately.  By filing the present action using one filing fee instead of several, Plaintiff has saved itself several thousand dollars in filing fees which should have been paid to the Court.

37.     Plaintiff's goal in these lawsuits appears to be quickly settling with a large number of subscribers as potential Defendants as a revenue generating model, and then pursuing parties who fail to settle by either continued harassment, a default judgment, or an action against a Plaintiff based on questionable allegations of unlawful access to a pornographic work.

38.     Although it is clear that Plaintiff will argue that the resulting nature of these actions is monetary compensation for infringement of copyrighted material against Defendants who wouldn't ordinarily pay for access to Plaintiff's work, Plaintiffs should utilize the Federal Court system in good faith and with clean hands.  "The federal courts are not cogs in a Plaintiff's copyright-enforcement business model.  The Court will not idly watch what is essentially an extortion scheme, for a case that Plaintiff has no intention of bringing to trial." *Malibu Media, L.L.C. v. John does 1-10,* 2:12-cv-03623, Order, June 27, 2012, at p.6. This Plaintiff has used the judicial system to intimidate several thousand victims into reaching a settlement totaling easily into the millions of dollars.  As a result, Plaintiff's motives herein do matter.

39.     Plaintiff's actions have damaged Defendant in his personal life and professional career.  The present matter has caused substantial stress and embarrassment.  Although he has attempted to minimize the damage to his reputation and professional career, the damage has been done and will be worsened were he to be identified and named as a Defendant in the present matter.


**PRAYER FOR RELIEF**

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein, Defendant requests a jury trial on the claims herein insofar as they can be properly heard by a jury and an order granting the following relief:

a.      A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court;

b.      A judgment in favor of Defendant and against Malibu Media, L.L.C. on both of Defendant's Counterclaim(s);

c.      That Defendant be awarded reasonable attorneys' fees, sanctions, costs, and other such awards that are available according to federal statute and state laws;

d.      That Plaintiff be held liable for punitive and exemplary damages awarded to the maximum extent available under law; and

e.      That the Court award such other action that is just, proper, and equitable in this instance.


**Certificate of Compliance with D.C. Colo. L. Civ. R. 7.1**

Pursuant to D.C. Colo. L. Civ. R. 7.1(A), counsel for Defendant has attempted to confer with Plaintiff's counsel concerning the relief Defendant seeks herein.  Plaintiff's counsel opposes the present motion.

Defendant respectfully requests a jury trial on all counts.


DATED: August 20, 2012

                                        Respectfully submitted,
                                        JOHN DOE #7

                                        By:

                                        John A. Arsenault (CO Bar # 41327)
                                        WESSELS & ARSENAULT, L.L.C.
                                        1333 W. 120th Ave. Suite 302
                                        Westminster, CO 80234
                                        Telephone: 303-459-7898
                                        Facsimile: 888-317-8582

john.arsenault@frontrangelegalservices.com
*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2012, a true and correct copy of the foregoing

**DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT** was sent via first-class

mail or via the CM/ECF system to the following:

JASON KOTZKER
KOTZKER LAW GROUP
10268 Royal Eagle Street
Highlands Ranch, CO 80129

**DATED**:  August 20, 2012          By: _____
                                                     John A. Arsenault (CO Bar # 4 327)

                                                     WESSELS & ARSENAULT, L.L.C.
                                                     1333 W. 120th Ave. Suite 302
                                                     Westminster, CO 80234
                                                     Telephone: 303-459-7898
                                                     Facsimile: 888-317-8582
                                                     john.arsenault@frontrangelegalservices.com
                                                     *Attorney for the Defendant*