**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-00409-REB-MEH

MALIBU MEDIA, LLC,

Plaintiff,

v.

JOHN DOE 7,

Defendants.

______________________________________/

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM [DKT. 75]**

Plaintiff, Malibu Media, LLC, pursuant to Fed. R. Civ. P. 12(b)(6), moves for the entry of an Order dismissing Defendant's Counterclaim and submits the following memorandum in support.

## I. INTRODUCTION

Each count in Defendant's Counterclaim: (1) a Declaration of Non-Infringement, and (2) abuse of process – fails to state a claim upon which relief may be granted and should be dismissed. The count seeking a declaration of non-infringement is merely a denial and under established law should not be permitted to continue as a standalone count.

As to the abuse of process count, Defendant failed to plead that Plaintiff performed any action in this suit or in the suit in which Plaintiff obtained his identifying information which is improper. To the contrary, the record demonstrates that this Court found that there was "good cause" for Plaintiff to obtain Defendant's identity. Further, District Court of Colorado has held joinder in Plaintiff's cases is judicially efficient and

should not be severed in the early stages of litigation. *See Malibu Media v. John Does 1-6,* 12-CV-00845-MSK-MEH, 2012 WL 3590906 (D. Colo. 2012) ("[T]he Court may exercise discretion in determining whether to sever defendants, and this determination includes a consideration of judicial economy and efficiency.")

Plaintiff is using the process of the underlying copyright infringement lawsuit against Defendant for its intended purpose; namely, to seek redress for the injury caused by Defendant's infringement of Plaintiff's copyright. Under such circumstances, the law makes clear that there is no abuse of process. Additionally, Defendant failed to plead that Plaintiff is using the copyright litigation against him to obtain a "collateral advantage" against *Defendant*, as is required to state a claim for abuse of process, and therefore the abuse of process count is unsustainable. Further, Defendant did not plead that Plaintiff's suit is *devoid* of factual support, which is a necessary element, and an element Defendant cannot plead because Plaintiff submitted the Declaration of Tobias Feiser attesting to the infringement. *See Malibu Media, LLC v. John Does 1-30*, 12-cv-402-WYD-MJW, at CM/ECF 6-1. Finally, Defendant failed to plead any legally cognizable damages which arise out of the putative abuse of process. For all these reasons, the abuse of process count should be dismissed.

For these reasons, as more fully explained below, Plaintiff respectfully requests that the Court dismiss Defendant's Counterclaim in its entirety.

## II. LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court "should determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a) . . . ." *McDonald v. Kinder–Morgan, Inc.,* 287 F.3d 992, 997 (10th Cir.2002). "All well-pleaded facts, as distinguished from conclusory

allegations, must be taken as true." *Ruiz v. McDonnell,* 299 F .3d 1173, 1181 (10th Cir.2002), *cert. denied,* 123 S.Ct. 1908 (2003). Further, the Court should review the complaint to determine whether it "contains enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (Emphasis in original).

## III. ARGUMENT

### A. Defendant/Counter-Plaintiff Fails to State a Claim for Declaratory Judgment that Defendant is Not Liable to Plaintiff for Copyright Infringement

Defendant/Counter-Plaintiff's claims for declaratory judgment concerning liability for copyright infringement should be dismissed as an inappropriate "repackaging" of his affirmative defenses. The Declaratory Judgment Act gives the Court "the *authority* to declare the rights and legal relations of interested parties, but not a *duty* to do so." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. 2008), *citing Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008), *which in turn cites Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (within a district court's sound discretion to dismiss an action for declaratory judgment), *and* 28 U.S.C. § 2201(a) (emphasis in original).

Accordingly, numerous courts have used that discretion to dismiss counterclaims "where they are either the 'mirror image' of claims in the complaint or redundant of

affirmative defenses." *Id*. *See also Rayman v. Peoples Sav. Corp.*, 735 F.Supp. 841, 852-53 (N.D. Ill. 1990) (court dismisses counterclaim that "simply duplicates arguments made by way of affirmative defense"); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated…[.]"). "Ordinarily the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action." *Washington-Detroit Theater Co. v. Moore*, 249 Mich. 673 (MI 1930); *See also*, *Product Engineering and Mfg, Inc. v. F. Barnes*, 424 F.2d 42 (10th Cir. 1970) ("Dismissal of federal court action seeking declaratory judgment that patent was invalid and that licensee's machine did not infringe patent, wherein licensee asserted no more than what would be defense to Colorado court contract action brought by patentee on license agreement, was not an abuse of discretion.") This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and saying see Complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declaration is simply unnecessary. If Defendant wins at trial, the jury's verdict will find him not liable.

Additionally, it should be noted that Defendant fails to allege or even address the elements of copyright infringement. *See generally*, First Cause of Action; *see also Medias & Co., Inc. v. Ty, Inc.*, 106 F.Supp.2d 1132, 1136 (D. Colo. 2000) ("To prove copyright infringement a plaintiff is required to show: '(1) ownership of a valid copyright,

and (2) copying of constituent elements of the work that are original.'") Instead, Defendant/Counter-Plaintiff repeats his denial in his first defense.

B. Defendant Failed to State a Claim for Abuse of Process

"A prima facie case for abuse of process includes proof of (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages." *Sterenbuch v. Goss, III*, 266 P.3d 428, 439 (Colo. App. 2011) (dismissing abuse of process count). *Accord, Tara Woods Ltd. Partnership v. Fannie Mae*, 731 F.Supp.2d 1103, 1122 (D. Colo. 2010) (reciting elements and dismissing abuse of process count); *James H. Moore & Assoc. Realty v. Arrowhead at Vail,* 892 P.2d 367, 373 (Colo App. 1994) (same). Further, "when the process alleged to have been abused entails, as here, the very filing of a lawsuit, an additional showing is required. The party asserting the abuse of process claim also has to show that the other party's claims is 'devoid of factual support or if supportable in fact [has] no cognizable basis in law.'" *Sterenbuch* at 438-439, citing *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. App. 2005) (quoting *Ware v. McCutchen, 784 P.2d 846, 848* (Colo. App. 1989). *See also, Protect Our Mountain Env't, Inc. v. Dist. Court*, 677 P.2d 1361, 1365 1368 (Colo 1984) (the additional showing is necessary to protect a person's First Amendment right to petition the government by filing a lawsuit.) *Accord, James H. Moore & Assoc. Realty v. Arrowhead at Vail,* 892 P.2d 367, 373 (Colo App. 1994) (same).

1. Summary of Counter-Plaintiff's Abuse of Process Allegations

Defendant allegations regarding Plaintiff's abuse of process are insufficient to state a claim; specifically, Defendant alleges: (1) Plaintiff wrongly and improperly relied on the Federal Court system in an effort to extract money from Doe #7, the other

twenty-six (26) people in the present action, and countless others for other infringement actions, *see* Counterclaim ¶34; (2) Plaintiff lacked knowledge of the identities of the Doe defendants and could not accurately represent to this Court a reason to join all of the alleged infringers that fell under the joinder rule and Plaintiff used the joinder rule to avoid filing fees, *Id.* at ¶¶ 36; (3) Plaintiff's goal is to settle the lawsuits with a large number of subscribers and if a subscriber does not settle pursue parties by either "continued harassment, a default judgment, or an action against a Plaintiff based on questionable allegations of unlawful access to a pornographic work", *Id*. at 37; and (5) Plaintiff's actions have damaged Defendant in his personal life and professional career, *Id.* at ¶39.

2. Counter-Plaintiff Has Failed to Plead an Improper Use of the Process

"If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim. Further, while the ulterior motive may be inferred from the wrongful use of the process, the wrongful use may not be inferred from the motive." *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994), citing *Institute for Professional Development v. Regis College*, 536 F.Supp. 632, 635 (D. Colo. 1982) (applying Colorado law) (emphasis in the original). *See also Restatement 2d Torts § 682*, comment b (1977). Here, all of Plaintiff's actions have been confined to their regular and legitimate functions in relation to the cause of action stated in the Complaint. Plaintiff filed a Motion for Leave to subpoena Defendant John Doe 7's ISP in order to obtain Defendant's identity, your Honor granted leave to issue the subpoena because Plaintiff had demonstrated good cause, Plaintiff issued a lawful subpoena and

Defendant was notified, Defendant moved to proceed anonymously in this law suit and Plaintiff agreed, and Plaintiff served Defendant's counsel with the Complaint. None of these actions are irregular or illegitimate. Indeed, Plaintiff has allowed Defendant to conceal his identity to avoid any embarrassment from being associated with the law suit. "There is no action for abuse of process when the process is used for the purpose for which it is intended, [although] there is an incidental motive of spite or an ulterior purpose. . . ." *Institute for Professional Development v. Regis College*, 536 F.Supp. 632, 635 (D. Colo. 1982).

Finally, Defendant's assertion that Plaintiff's offer to settle constitutes an abuse of process fails for two reasons: (1) an out-of-court settlement offer is not a "process" within the meaning of the tort[1]; and (2) settlement offers are not only proper but encouraged. "As a matter of public policy the law favors and encourages settlements. . . .The settlement of actions should be fostered to avoid protracted, wasteful and expensive litigation." *Big O Tire v. Bigfoot 4X4, Inc.*, 167 F.Supp.2d 1216 (D. Colo. 2001)(internal citations omitted); *see also* the Supreme Court's statement that "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." *Marek v. Chesny*, 473 U.S. 1, 11 (1985). "Upon receipt of the identifying information sought in the subpoenas, the plaintiff is entitled to seek settlement with these individuals, or decide that pursuing a lawsuit against particular defendants is no longer feasible or cost-effective. Either course selected by the plaintiff would give the copyright owner the opportunity to effectuate its statutorily protected rights and thereby serves our system of

[1] A "process" is the filing of the Complaint, propounding discovery, or some action taken in the actual proceeding itself.

justice. *AF Holdings LLC, v. Does 1-1,058*, 1:12-cv-00048-BAH at *32(D.D.C. August 6, 2012).

a. This Court Has Approved the Use of Joinder in Copyright BitTorrent Infringement Actions

Here, the only allegation about a legal "process" that Defendant alleges is improper is Plaintiff's use of Rule 20's permissive joinder rule to save filing fees. This allegation cannot support a claim for abuse of process when the District Court of Colorado has declined to sever in copyright BitTorrent infringement actions and stated that in the early stages of litigation it promotes judicial efficiency. *See Malibu Media v. John Does 1-6,* 12-CV-00845-MSK-MEH, 2012 WL 3590906 (D. Colo. 2012) ("[T]he Court may exercise discretion in determining whether to sever defendants, and this determination includes a consideration of judicial economy and efficiency."); *Malibu Media, LLC v. John Does 1-30*, 12-cv-402-WYD-MJW, CM/ECF 10 (holding "Plaintiff has established that 'good cause' exists for it to serve third subpoenas on the Internet Service Providers listed on Exhibit A to the Motion," at ¶ 1; and, "[a]t this stage of the proceeding, the Court finds that joinder is proper. " Indeed, this Court has specifically addressed the issue of filing fees in BitTorrent infringement actions and noted that if Plaintiff were forced to file individual suits and pay the filing fees, it would further limit its ability to protect its rights.

> If the Court were to sever the Doe Defendants at this juncture, Plaintiff would face significant obstacles in its efforts to protect the Work from copyright infringement, which would only needlessly delay the suit. *Furthermore, Plaintiff would need to file individual cases, which would require Plaintiff to pay the Court separate filing fees in each case, further limiting its ability to protect its legal rights.*

*Patrick Collins, Inc. v. John Does 1-33*, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. 2012) (Emphasis added).

Further, there is nothing improper about relying on the joinder rule to avoid filing fees because "[t]he purpose of Rule 20(a) is to address the 'broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" Brotzman v. Lippet, Inc., 2010 WL 2262543 (D. Colo. 2010) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). And, Fed. R. Civ. P. 1 states the rule "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." Requiring a Plaintiff to file individual actions at the identification stage of a BitTorrent copyright infringement action does not promote the "inexpensive determination of every action."

3. Defendant Failed to Allege that Plaintiff Used a Process For A Purpose Which Said Process Was Not Intended

Defendant has not and cannot allege, as it must, that Plaintiff has used any process "the purpose for which [said process was not] intended." *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994). Therefore, Defendant has failed to state a cause of action for abuse of process. *See also, Restatement 2d Torts § 682*, comment b ("a party engages in abuse of process when he files liens against his adversary, not because the filer claims an interest in the property, but to compel the adversary to concede a child custody proceeding."

Indeed, this case is materially indistinguishable from the 10th Circuit's decision in *Hertz v. Luzenac*, 576 F.3d 1103 (10th Cir. 2009) wherein in response to a tortious interference claim by a former employee, the former employer counterclaimed for misappropriation of trade secrets. The 10th Cir. held "[a] litigant uses the legal proceedings in an improper manner when he seeks to use the process to accomplish a coercive goal. (Citations omitted) The improper purpose is ordinarily an attempt to

secure from another some collateral advantage not properly includable in the process itself and is a form of extortion in which a lawfully used process is perverted to an unlawful use." *Id.* at 1117-1118. The 10th Circuit continued: "Mr. Hertz's claim of abuse stems from Luzenac filing counterclaims against him for misappropriation of trade secrets. Any ulterior motives Zluzenac might have had are insufficient support an inference of improper use. Luznace is entitled to protects its trade secrets. Its counterclaims are an appropriate means of accomplishing that goal." *Id.* Here, Plaintiff is suing Defendant for copyright infringement because Plaintiff genuinely believes Defendant committed the infringement. Significantly, Plaintiff has not sought to obtain any other benefit (i.e., a "collateral advantage") vis-à-vis Defendant from this suit.

4. <u>Defendant Failed to Allege that Plaintiff's Complaint's is Devoid of Factual Support or That It has No Cognizable Basis in Law</u>

Defendant failed to allege that Plaintiff's Complaint is devoid of factual support. Nor could Defendant make such an allegation because Plaintiff provided sworn testimony that Defendant's internet was used to commit the subject infringement. *See* Declaration of Tobias Feiser, at CM/ECF 7-1. Instead, Defendant alleges that counsel for unrelated third parties have said that up to 30% of the Doe defendants in other BitTorrent copyright infringement cases may not be the real infringers. This allegation falls woefully short of asserting that Plaintiff's complaint is *devoid* of factual support.

5. <u>Defendant Has Not Pled Any Legally Cognizable Damages</u>

"A defendant is only liable for abuse of process if his or her abuse caused damages to the Plaintiff." *J. Mintz v. Accident and Injury Medical Specialists, PC,* 2010 WL 4492222, *4 (Colo. App. 2010), citing *1 Am.Jur.2d Abuse of Process* § 7, and *Ion Equipement Copr. v. Nelson,* 110 Ca.App.3d 868, 876 (1980). "Mere vexation or

frustration without demonstrable damage is insufficient to sustain liability." *Id.* The *Ion Equipment* court at p. 876, upon which the *J. Mintz* court relied, quoted *3 Restatement Torts § 682* as follows "one who uses legal process against another to accomplish a purpose for which it is not designed is liable to the other for the *pecuniary* loss caused thereby." (Emphasis added.) Here, Defendant has not pled any pecuniary damages. Instead, Defendant alleges that Plaintiff saved filing fees by using joinder. Obviously, any fees saved by Plaintiff did not cost Defendant anything, so Defendant cannot claim that he has suffered legally cognizable damages as a result of Plaintiff's use of the joinder rule. Defendant also alleges that Plaintiff's actions have damaged his personal life and professional career. The basis for these allegations is spurious considering Plaintiff does not even know Defendant's identity. Indeed, it is hard to conceive how Plaintiff's private allegation has affected Defendant's personal life or professional career, lest Defendant told his friends, family or work about this dispute. Regardless, Defendant's allegations of such damage is not pecuniary and therefore not cognizable under the law. *See Amoco Prod. Co. v. Aspen Group*, 59 F. Supp. 2d 1112, 1122 (D. Colo. 1999).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves for the entry of an order dismissing Defendant's Counterclaim in its entirety.

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Jason Kotzker*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Jason Kotzker*