IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00409-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE 7,

    Defendant.

_____/

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF**
**PLAINTIFF'S MOTION TO DISMISS**

## I. INTRODUCTION

Defendant's Memorandum in Opposition to Plaintiffs' Motion to Dismiss is a long winded parade of tortured reasoning that at every juncture underscores the necessity of dismissing the Counterclaim. As explained below, Defendant unreasonably fails to apply the law to facts – or to accept the clear results thereof. Motivated by the knowledge that his claims are meritless, Defendant makes arguments that no rational lawyer could believe will succeed.

## II. BOTH OF DEFENDANT'S COUNTS SHOULD BE DISMISSED

Defendant attempted to plead: (a) abuse of process; and (b) Declaration of No Infringement of Copyright. On September 10, 2012 Plaintiff filed a Motion to Dismiss the Counterclaim, CM/ECF #77. In that motion, Plaintiff cited the elements for each of the causes of action and explained the outcome dispositive reasons why each count cannot possibly survive a motion to dismiss. For the reasons stated in Plaintiff's Motion to Dismiss and those herein, Plaintiff's Motion should be granted.

### A. Defendant Fails to Plead An Abuse of Process Claim

Apparently recognizing that his Abuse of Process claim is legally unfounded, Defendant's Memorandum *entirely* ignores the tort's elements. Indeed, Defendant neither cites the elements nor attempts to argue that he pled the facts necessary to satisfy them. However, since elements serve as the metes and bounds of a tort, the basic tenants of legal reasoning dictate that an analysis starts with them. With that in mind, "[a] prima facie case for abuse of process includes proof of (1) an ulterior purpose in the use of judicial proceedings;[1] (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages." *Sterenbuch v. Goss, III*, 266 P.3d 428, 439 (Colo. App. 2011) (dismissing abuse of process count). *Accord, Tara Woods Ltd. Partnership v. Fannie Mae*, 731 F.Supp.2d 1103, 1122 (D. Colo. 2010) (reciting elements and dismissing abuse of process count); *James H. Moore & Assoc. Realty v. Arrowhead at Vail,* 892 P.2d 367, 373 (Colo App. 1994) (same). Further, "when the process alleged to have been abused entails, as here, the very filing of a lawsuit, an additional showing is required. The party asserting the abuse of process claim also has to show that the other party's claims is 'devoid of factual support or if supportable in fact [has] no cognizable basis in law.'" *Sterenbuch* at 438-439, citing *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. App. 2005) (quoting *Ware v. McCutchen, 784 P.2d 846, 848* (Colo. App. 1989). *See also, Protect Our Mountain Env't, Inc. v. Dist. Court*, 677 P.2d 1361, 1365 1368 (Colo 1984) (the additional showing

---

[1] Defendant's allegations of an ulterior purpose are based on Anti-Piracy Management Company, LLC's ("APMC") proposed agreement with an unidentified third party. To wit: prior to this suit, Plaintiff had never heard of APMC and has had no business dealings with it. Based upon that proposed agreement, Defendant falsely theorizes that Plaintiff's has an ulterior motive for suing him; namely, to encourage other infringers to settle. *See* Amended Counterclaim at ¶ 15.

2

is necessary to protect a person's First Amendment right to petition the government by filing a lawsuit.)  *Accord, James H. Moore & Assoc. Realty v. Arrowhead at Vail,* 892 P.2d 367, 373 (Colo App. 1994) (same).

### 1. Summary of Counter-Plaintiff's Abuse of Process Allegations

Defendant asserts Plaintiff abused the process by alleging: (1) Plaintiff wrongly and improperly relied on the Federal Court system in an effort to extract money from Doe #7, the other twenty-six (26) people in the present action, and countless others for other infringement actions, *see* Counterclaim at ¶34; (2) Plaintiff lacked knowledge of the identities of the Doe defendants and could not accurately represent to this Court a reason to join all of the alleged infringers that fell under the joinder rule and Plaintiff used the joinder rule to avoid filing fees, *Id*. at at ¶36; (3) Plaintiff's goal is to settle the lawsuits with a large number of subscribers and if a subscriber does not settle pursue parties by either "continued harassment, a default judgment, or an action against a Plaintiff based on questionable allegations of unlawful access to a pornographic work," *Id.* at ¶37; (4) Plaintiff's actions have damaged Defendant in his personal life and professional career, *Id.* at ¶39.

### 2. Counter-Plaintiff Has Failed to Plead an Improper Use of the Process

Defendant did not and cannot in good faith plead all of the elements.  For example, Defendant fails to plead that Plaintiff used process in an improper way.  "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim." *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App.

1994), citing *Institute for Professional Development v. Regis College*, 536 F.Supp. 632, 635 (D. Colo. 1982) (applying Colorado law) (emphasis in the original). *See also Restatement 2d Torts § 682*, comment b (1977).

All of Plaintiff's actions have been confined to their regular and legitimate functions in relation to the cause of action stated in the Complaint. To explain, Plaintiff has attempted to obtain Defendant's identity through the use of a lawfully issued subpoena. Plaintiff's only way to identify the Defendant is by taking such measure. After obtaining the identity of the Doe Defendant, Plaintiff will file a complaint and serve the Defendant in order to litigate its copyright infringement claims. None of these actions are irregular or illegitimate. Significantly, Defendant does not deny this. Instead, Defendant unreasonably ignores the necessity of pleading this element.

### 3. Offering to Settle is Not an Abuse of Process

Defendant's assertion that Plaintiff's offer to settle with him or someone else constitutes an abuse of process fails for three reasons: (1) an out-of-court settlement offer is not a "process" within the meaning of the tort[2]; (2) settlement offers are not only proper but encouraged;[3] and (3) Defendant has not been damaged by any such offer.

### 4. The Law of the Case Doctrine Precludes Finding That Plaintiff Did Not Establish Good Cause For Limited Expedited Discovery

Defendant's only allegation about a legal "process" that Defendant alleges is improper is Plaintiff's use of Rule 20's permissive joinder rule to save filing fees. This allegation cannot support a claim for abuse of process when, as here, this Court

---

[2] A "process" is the filing of the Complaint, propounding discovery, or some action taken in the actual proceeding itself.

[3] "As a matter of public policy the law favors and encourages settlements. . . .The settlement of actions should be fostered to avoid protracted, wasteful and expensive litigation." *Big O Tire v. Bigfoot 4X4, Inc.*, 167 F.Supp.2d 1216 (D. Colo. 2001)(internal citations omitted).

*correctly* held that Plaintiff established good cause for limited expedited discovery in this joined case. *See* CM/ECF 16 (holding "the Court finds that Plaintiff establishes good cause for limited expedited discovery.") "Under the law of the case doctrine, when a court decides an issue of law, that decision [] govern all subsequent stages of the litigation." *Padilla-Caldera v. Holder*, 637 F.3d 1140, 1145 (10th Cir. 2011).[4] Faced with this law, it is unreasonable to assert that Plaintiff's use of joinder is an abuse of process.

### 5. Defendant Failed to Allege that Plaintiff Used a Process To Obtain A Collateral Advantage

Plaintiff has not sought to obtain any other benefit (i.e., a "collateral advantage") vis-à-vis Defendant from this suit. Under these circumstances, an abuse of process claim cannot stand. *See Hertz v. Luzenac*, 576 F.3d 1103 (10th Cir. 2009); *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994); *Restatement 2d Torts § 682*, comment b. Defendant consciously ignored this pleading requirement, despite his knowledge of it. And, his bringing this claim knowing he cannot make such an allegation is patently unreasonable.

### 6. Defendant Failed to Allege that Plaintiff's Complaint's is Devoid of Factual Support or That It has No Cognizable Basis in Law

Defendant also failed to allege, as he needed to, that Plaintiff's Complaint is devoid of factual support. Nor could Defendant make such an allegation because Plaintiff provided sworn testimony that Defendant's internet was used to commit the subject infringement. *See*, Declaration of Tobias Feiser, at CM/ECF 7-1.

### 7. Defendant Has Not Pled Any Legally Cognizable Damages

Defendant also failed to plead legally cognizable damages. "A defendant is only liable for abuse of process if his or her abuse caused damages to the Plaintiff." *J. Mintz*

---

[4] *See* Plaintiff's Motion to Dismiss explaining why none of the exceptions can apply.

5

*v. Accident and Injury Medical Specialists, PC,* 2010 WL 4492222, *4 (Colo. App. 2010), citing *1 Am.Jur.2d Abuse of Process* § 7, and *Ion Equipment Copr. v. Nelson,* 110 Ca.App.3d 868, 876 (1980). "Mere vexation or frustration without demonstrable damage is insufficient to sustain liability." *Id.* The *Ion Equipment* court at p. 876, upon which the *J. Mintz* court relied, quoted *3 Restatement Torts § 682* as follows "one who uses legal process against another to accomplish a purpose for which it is not designed is liable to the other for the *pecuniary* loss caused thereby." (Emphasis added.) Here, Defendant has not pled any pecuniary damages.

### 8. Champerty, Barratry, Maintenance and Intermeddling Do Not Support An Abuse of Process Claim

Champerty, barratry, maintenance and intermeddling are distinct claims and defenses which are separate and apart from the tort of abuse of process.[5] Notably, Defendant only attempts to plead abuse of process. Nevertheless, Defendant's memorandum disingenuously argues "common law claims [for champerty, etc.] are still recognized in other jurisdictions, [so] Plaintiff seeks a good faith extension of the [abuse of process] law" to incorporate these separate and distinct claims and defenses into the abuse of process tort. Defendant's Memorandum at p. 10.

While ostensibly couched in the language of Rule 11, Defendant is not seeking to *extend* the abuse of process law. Instead, Defendant seeks to overturn one hundred and twelve (112) years of binding precedent, and, thereafter, to that rejected law into the tort of abuse of process. Indeed, Defendant admits "the common law torts of maintenance and champerty no longer exist in Colorado." Defendant's Memorandum at

---

[5] Defendant's factual allegations regarding champerty, etc. are both a work of great fiction and totally irrelevant. Worse, Defendant irrationally pursues this red-herring down a black-hole to nowhere, even after Defendant figures out the defenses do not exist – and, even if after Defendant should have figured out that even if the defenses did exist, he could use them.

p. 10, *citing Fastenau v. Engel*, 125 Colo. 119, 122 (Colo. 1952); *Accord, Casserleigh v. Wood,* 14 Colo. App. 265, 267 (Colo. 1900) (same).  Defendant's case, *Fastenau*, further illuminates the frivolousness of his argument.  In *Fastenau* at p. 122, the Court answered *no* in response to its question whether "a [champertous] contract can . . . bar . . . recovery on the [plaintiff's claim]."  To explain, champerty is an affirmative defense to a champertous contract.  It can only be raised by the champertee against the champertor.  It is *not* a defense that can be raised by a third party to the allegedly champertous agreement.  *See, Seaton Mountain Elec. Light, Heat & Power v. Idaho Springs Inv. Co.*, 49 Colo. 112 (1910) "the prosecution of a cause of action cannot be interposed as a defense, but can only be set up between the parties when the champertous agreement itself is sought to be enforced."[6]  Defendant's long winded attempt to plead champerty is prohibited by over 100 years of Colorado precedent.  In light of the law, his pursuit of this defense is not reasonable.  Nor is it reasonable for Defendant to argue that he should be allowed to insert champerty into an abuse of process claim.  They are separate and distinct claims and defenses and the failure to appreciate that is unreasonable.

### B. Defendant Fails to State a Claim for Declaratory Judgment that Defendant is Not Liable to Plaintiff For Copyright Infringement

Defendant's Declaratory Judgment count has no basis in law and should fail for the reasons stated in Plaintiff's Motion to Dismiss.  The Declaratory Judgment Act gives the Court "the *authority* to declare the rights and legal relations of interested parties, but not a *duty* to do so." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal.

---

[6] In other words, *Fastenau* and *Seaton* both hold that champerty and maintenance are affirmative defenses to a breach of contract claim. And, that parties who are not in privity with champerator cannot raise the defense.

7

2008), *citing Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008), *which in turn cites Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (within a district court's sound discretion to dismiss an action for declaratory judgment), *and* 28 U.S.C. § 2201(a) (emphasis in original).

Accordingly, numerous courts have used that discretion to dismiss counterclaims "where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Id*. *See also Rayman v. Peoples Sav. Corp.*, 735 F.Supp. 841, 852-53 (N.D. Ill. 1990) (court dismisses counterclaim that "simply duplicates arguments made by way of affirmative defense"); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated…[.]"). "Ordinarily the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action." *Washington-Detroit Theater Co. v. Moore*, 249 Mich. 673 (MI 1930); *See also*, *Product Engineering and Mfg, Inc. v. F. Barnes*, 424 F.2d 42 (10th Cir. 1970) ("Dismissal of federal court action seeking declaratory judgment that patent was invalid and that licensee's machine did not infringe patent, wherein licensee asserted no more than what would be defense to Colorado court contract action brought by patentee on license agreement, was not an abuse of discretion.") This is rule is founded on sound policy because otherwise Plaintiff would

8

have to answer a declaratory action denying everything and saying see Complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declaration is simply unnecessary. If Defendant wins at trial, the jury's verdict will find him not liable.

Additionally, it should be noted that although the Count ostensibly involves copyright infringement, Defendant fails to allege or even address the elements of copyright infringement. *See generally*, Count V; *see also Medias & Co., Inc. v. Ty, Inc.*, 106 F.Supp.2d 1132, 1136 (D. Colo. 2000) ("To prove copyright infringement a plaintiff is required to show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'") Instead, Defendant/Counter-Plaintiff repeats the irrelevant *ad hominem* attacks set forth in the great bulk of his Amended Counterclaim.

### III.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court dismiss Defendant/Counter-Plaintiff's counterclaims.

    Respectfully submitted,

    By: /s/*Jason Kotzker*
    Jason Kotzker
    jason@klgip.com
    KOTZKER LAW GROUP
    9609 S. University Blvd. #632134
    Highlands Ranch, CO 80163
    Phone: 303-875-5386
    *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Jason Kotzker*